## LIJEWSKI v. WRZESINSKI.

1. AUTOMOBILES—NEGLIGENCE—EVIDENCE—HEAD-ON COLLISION.
    Trial court's finding in nonjury case arising out of head-on collision between 2 cars on gravel road at 2 a. m. in May that northbound motorist was guilty of negligence was not against the clear preponderance of the evidence, where testimony of respective parties is in sharp conflict.

2. SAME — HEAD-ON COLLISION — CONTRIBUTORY NEGLIGENCE — EVIDENCE.
    Southbound motorist, traveling 30 miles an hour at 2 a. m., who saw northbound motorist coming astride unmarked median line of 17½-foot gravel road with 5- to 6-foot, hard, grass-covered berms on each side for at least a block away without making way to the right was, as a matter of law, guilty of contributory negligence.

3. NEGLIGENCE—PRESENCE OF DANGER.
    A prudent man, in the presence of danger, naturally and ordinarily makes some use of his faculties to ascertain and avoid it and if, upon any occasion, he does not, when he has good reason to apprehend danger; he does not exercise the ordinary or reasonable care demanded by the circumstances.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error, § 901.
[2–4] 5 Am Jur, Automobiles, §§ 286, 407, 408, 703.
[2–4] Right or duty to turn in violation of law of road to avoid traveler, or obstacle.  24 ALR 1304; 63 ALR 277; 113 ALR 1328.
[2–4] Failure to look for or discover automobile approaching on wrong side of road as negligence or contributory negligence. 145 ALR 536.
[2–4] Custom or practice of drivers of motor vehicles as affecting question of negligence.  172 ALR 1141.
[5, 6] 5 Am Jur, Automobiles, § 614.
[7] 3 Am Jur, Appeal and Error, § 1218; 39 Am Jur, New Trial, § 129 et seq.
[8] 14 Am Jur, Costs, § 93.

4. AUTOMOBILES—NIGHTTIME—GRAVEL ROAD—MEDIAN LINE—NEGLIGENCE.

> One driving a car at night on a gravel road which has no median-line mark, and the edges of the gravel are not sharply defined must make reasonable allowance for a possible inaccuracy of his own judgment as to where the median line of the road is located and as to whether his own car is entirely on the proper side of the road or the other car approaching him is or is not on that car's proper side of the road, especially when the berm affords a latitude of safety.

5. NEGLIGENCE—BURDEN OF PROOF IN CROSS ACTION.

> A defendant, as cross-plaintiff, has the burden of proving by a preponderance of evidence his freedom from contributory negligence before he could recover an award of damages against the plaintiff, as cross-defendant.

6. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE OF DEFENDANT AS CROSS-PLAINTIFF.

> Defendant motorist, as cross-plaintiff, who failed to show himself free from contributory negligence in action arising from head-on collision on gravel road at night is barred from recovery.

7. NEW TRIAL—JUDGMENT IN CROSS ACTION—CONTRIBUTORY NEGLIGENCE—CLEAR PREPONDERANCE OF EVIDENCE.

> New trial as to cross-plaintiff's claim for damages is granted where finding of trial court in nonjury action arising out of head-on collision in nighttime on gravel road that cross-plaintiff was free from contributory negligence is against the clear preponderance of the evidence but finding of trial court as to plaintiff's negligence is affirmed.

8. COSTS—APPEAL AND ERROR—REVERSAL WITH PARTIAL NEW TRIAL.

> Plaintiff is awarded costs on appeal, where he succeeds in obtaining reversal of judgment against him notwithstanding new trial is limited to matter of cross-plaintiff's claim for damages only.

Appeal from Bay; Leibrand (Karl K.), J. Submitted April 4, 1950. (Docket No. 3, Calendar No. 44,491.) Decided June 15, 1950.

Case by Louis S. Lijewski against Michael Wrzesinski for injuries sustained in automobile accident.

Cross-declaration by defendant against plaintiff for damages suffered as result of same accident. Judgment for defendant on cross-declaration. Plaintiff appeals. Reversed with a partial new trial.

*Bernard S. Frasik (Heilman & Purcell, of counsel), for plaintiff.*

*Otto & Otto, for defendant.*

REID, J. Plaintiff began this suit to recover damages arising from a collision of 2 automobiles. Defendant filed his answer and a cross-declaration seeking damages on his own behalf. The case was tried before the court without a jury. From a finding and award of damages for defendant, plaintiff appeals. We shall refer to the original plaintiff as plaintiff and disregard the appellation of cross-defendant, and the original defendant shall be referred to herein as defendant, disregarding the appellation of cross-plaintiff.

In the collision, which was a head-on collision between plaintiff's and defendant's automobiles, there was an impact of some part of the left front of plaintiff's car with some part of the left front of defendant's car. The collision occurred on North Warren road in Bay county, at about 2 or 2:30 in the morning of May 12, 1946. Plaintiff, his wife and his wife's sister, were in plaintiff's car, plaintiff driving northerly on North Warren road, which is 17½ feet wide and is of gravel construction. Defendant, his wife, his daughter, and his daughter's girl friend, were in the defendant's car, defendant driving southerly on the same road. At or near the place where the collision occurred, the road is fairly level and has a hard, grass covering on both the east and west berms, each berm being about 5 to 6 feet in width, which berms (as alleged by defendant in his cross-

declaration and conceded by plaintiff) are usable and traversable by traffic.

Plaintiff and his witnesses by their testimony would make out that plaintiff was driving on his right-hand, easterly half of the graveled road. Defendant and his witnesses by their testimony would make out that defendant was driving entirely on the westerly, his right-hand, half of the road. There is a direct conflict in the testimony between the 2 groups of witnesses as to the portion of the road in which the accident occurred. The trial court found that the accident occurred on the westerly portion of the road and that the plaintiff was guilty of negligence which entered into the causing of the collision. There is sufficient evidence to support the finding that the plaintiff was guilty of negligence so that we cannot say that the evidence clearly preponderates in the opposite direction as to the finding of the trial court of plaintiff's negligence. Accordingly we affirm the portion of the court's finding in which he found the plaintiff guilty of negligence as to the causing of the collision.

Defendant being on the stand as a witness on his own behalf, testified on cross-examination as follows:

"*A*. I saw him come, when the lights went out. His lights went out when he was about 3 feet or so on the left-hand side.

"*Q*. You say it was before that he was on the left-hand side of the road; how far could you see him on the left-hand side of the road?

"*A*. About 3 blocks.

"*Q*. You mean to say he was on your side of the road all that time?

"*A*. No.

"*Q*. You saw him when he was 3 blocks away?

"*A*. That is right.

"*Q*. And you knew that he was coming down on your side of the road. before he put the lights on your side—or out—is that correct?

"*A.* Out, that is right.

"*Q.* I mean, how far back was he when you noticed he was on your side of the road?

"*A.* Oh, he was about—quite a ways.

"*Q.* He was quite a ways away?

"*A.* That is right.

"*Q.* And he never got back on his side of the road at all?

"*A.* No, sir.

"*Q.* He just kept coming right down, on your side of the road?

"*A.* That is right.

"*Q.* Now, you saw that yourself, did you?

"*A.* Yes.

"*Q.* Nobody had to tell you that?

"*A.* No, I saw it myself.

"*Q.* And the road is about—traveled portion, gravel portion—is about 17½ feet wide, is that right?

"*A.* That is right.

"*Q.* So that if he kept coming straight that way he would run right into you?

"*A.* That is right.

"*Q.* You knew that too, didn't you?

"*A.* Yes, sir. There are grass shoulders along that road, all the way from 4 to 5 to 6 feet wide, and those shoulders are smooth, so they can be driven on.

\* \* \*

"*Q.* And you knew that for some distance, would you say at least a city block, that he was on your side of the road?

"*A.* Yes.

"*Q.* At least that?

"*A.* At least that.

"*Q.* And you didn't see him get back at any time?

"*A.* No.

"*Q.* Did you toot your horn?

"*A.* No.

"*Q.* Did you flick your lights?

"*A.* No.

"*Q.* Did you warn him in any way?

"*A.* No.

"*Q*. You kept going straight there at 30 miles an
hour?

"*A*. That is right.

"*Q*. And then this accident happened?

"*A*. That is right.   *   *   *

"*Q*. That shoulder of the road, there, you could
have driven off on that, couldn't you?

"*A*. That is right.

"*Q*. There was not anything to stop you from do-
ing that?

"*A*. Well, I couldn't see very good that.

"*Q*. You couldn't see the shoulder?

"*A*. I could see it, I think.

"*Q*. You could have pulled over then when you
saw him coming towards you 50, 60 miles an hour,
couldn't you?

"*A*. It was too late to do anything.

"*Q*. You saw him coming towards you at least a
block?

"*A*. Yes.

"*Q*. And he never gave you any indication that he
was going back, did he?

"*A*. That is right."

Such testimony on the part of defendant is at
variance with his cross-declaration in which he al-
leges that plaintiff's car when 50 feet away suddenly
swerved into the west half of the road.

After giving the above-quoted testimony and after
a recess had taken place, defendant on being recalled
for further redirect examination, characterized by
a leading question, testified for the first time to a
sudden swerve on the part of plaintiff across the
median line and onto the westerly side at a point
when plaintiff's car was 40 or 50 feet ahead of de-
fendant.

The opinion and rulings of the trial judge do not
directly state what weight was given to defendant's
testimony about a belated swerve of plaintiff's car to
the west but we cannot see how the trial court could

very well find for defendant as cross-plaintiff and award him damages without accepting defendant's unsupported testimony as to the belated swerve of plaintiff's car toward the west as true.

No witness for defendant other than defendant himself had sworn to any such belated swerve of plaintiff's car and none of plaintiff's witnesses who testified to witnessing the accident, had so sworn. Defendant of course was a highly interested witness and when he on redirect examination contradicted his own clearly given and reiterated statements on cross-examination to make a self-serving showing that plaintiff suddenly swerved, thereby also contradicting several witnesses and therein being supported by none, we cannot avoid the conclusion that defendant's testimony as to plaintiff's belated swerve is against the clear preponderance of the testimony. The lower court's finding that defendant was free from contributory negligence is reversed. •

Defendant's own testimony shows clearly that he had sufficient room on the road to drive out of the way of plaintiff's car after he noticed that plaintiff's car was continuing to drive for "at least a block," 3 feet on the westerly part of the road, according to defendant's own statement.

We said in *Lake Shore & Michigan Southern Railroad Company* v. *Miller,* 25 Mich 274, at page 292:

"They [courts] are bound to know, that there is a difference between *reasonable care* and *no care at all,* or utter negligence, and that a prudent man, in the presence of danger, naturally and ordinarily makes some use of his faculties to ascertain and avoid it; and if, upon any occasion, he does not, when he has good reason to apprehend danger, he does not exercise the ordinary or reasonable care demanded by the circumstances."

In the case of a driver driving at night on a gravel road which has no median-line mark, and the edges

of the gravel are not sharply defined, it must be considered the duty of the driver to make reasonable allowance for a possible inaccuracy of his own judgment as to where the median line of the road is located, and as to whether his own car is entirely on the proper side of the road or the other car approaching him is or is not on that car's proper side of the road especially when, as in the instant case, the berm affords a latitude of safety.

In any event, defendant in this case, who testified he was familiar with the road in question and who saw, according to his own statement, the plaintiff coming for a distance of at least a city block, astride the median line, was under obligation to use such means as was fairly within his power to avoid the collision. Such means surely included turning out a distance to his right sufficient so that his car could safely pass a car which was 3 feet over the median line, when he was only traveling 30 miles an hour. By his own testimony, as given on cross-examination, he did not choose to turn out.

Defendant as cross-plaintiff had the burden of proving by a preponderance of evidence his freedom from contributory negligence before he could recover an award of damages against the plaintiff as cross-defendant. The finding that defendant (cross-plaintiff) was free from contributory negligence is reversed because the evidence clearly preponderates in the opposite direction. Plaintiff is barred from recovery by reason of contributory negligence.

Judgment for defendant is reversed. New trial as to cross-plaintiff's claim for damages. Plaintiff, having prevailed in obtaining the reversal of the judgment against him, is awarded costs.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.