EMONS *v.* SHIRAEF.

1. NEGLIGENCE—DRIVER AND PASSENGER IN AUTOMOBILE—JOINT ENTERPRISE—CONTROL.

   To constitute a joint enterprise between a passenger and the driver of an automobile, within the meaning of the law of negligence, there must be such a community of interest in its operation as to give each an equal right of control; and since there must be a common responsibility for its negligent operation, there can be no common responsibility unless there is a common right of control.

2. SAME—JOINT ENTERPRISE—PRINCIPAL AND AGENT.

   The rule of joint enterprise in negligence cases is founded on the law of principal and agent.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5A Am Jur, Automobiles and Highway Traffic § 826.
When occupants of automobile deemed to be engaged in joint enterprise so that negligence of one is imputable to other. 48 ALR 1077, 63 ALR 921, 80 ALR 312, 95 ALR 857.
[3] 5A Am Jur, Automobiles and Highway Traffic § 1006.
[4] 5A Am Jur, Automobiles and Highway Traffic § 532.
What amounts to gross negligence, recklessness, or the like, within statute limiting liability of owner or operator of automobile for injury to guest. 74 ALR 1198, 86 ALR 1145, 96 ALR 1479.
[5] 5A Am Jur, Automobiles and Highway Traffic §§ 534, 537.
[6] 5A Am Jur, Automobiles and Highway Traffic § 1109.
[7] 5A Am Jur, Automobiles and Highway Traffic §§ 537, 539.
Automobiles: Gross negligence, recklessness, or. the like, within "guest" statute or rule, predicated upon manner of operating car on curve or hill. 136 ALR 1270.

3. AUTOMOBILES—JOINT ENTERPRISE—EVIDENCE.

Finding of trial judge in nonjury action by passenger against host motorist for injuries sustained by plaintiff as car, driven at speed in excess of city limit therefor, crashed into a tree upon failing to proceed around a curve about midnight, that plaintiff had failed to sustain his claim that the parties were engaged in a joint enterprise *held*, proper, where it appears plaintiff, as host at birthday party at his home, in order to accommodate defendant who had expressed a desire for potato chips, went in search therefor in latter's car.

4. SAME—NEGLIGENCE—WILFUL AND WANTON MISCONDUCT.

There is no fixed rule that may be applied in determining whether a motorist's conduct is mere negligence or constitutes wilful and wanton misconduct, as that term is used in the guest passenger act (PA 1949, No 300, § 401).

5. SAME — WILFUL AND WANTON MISCONDUCT — EXCESSIVE SPEED — FAILURE TO HEED PASSENGER'S ADMONITIONS.

Driving at an excessive speed does not necessarily establish liability of a host motorist under the guest passenger act for wilful and wanton misconduct nor does the failure under all circumstances to heed admonitions of a passenger suffice, as all facts pertaining to the situation must be given consideration in making an inquiry into the driver's state of mind (PA 1949, No 300, § 401).

6. SAME—NONJURY ACTION—WILFUL AND WANTON MISCONDUCT—EVIDENCE.

The trial judge, as the trier of the facts in a nonjury action by plaintiff passenger in defendant's car, was entitled to exercise the prerogatives of a jury and draw inferences from the proofs and determine whether or not the proofs sustain a finding of wilful and wanton misconduct or gross negligence as the terms are used in the guest passenger act (PA 1949, No 300, § 401).

7. SAME—WILFUL AND WANTON MISCONDUCT—EVIDENCE—SPEED—ADMONITION OF PASSENGER.

Finding of trial judge in nonjury case that conduct of defendant motorist was not such as to justify finding him guilty of wilful and wanton misconduct or gross negligence, as the terms are used in the guest passenger act, is not disturbed under record showing that during the evening the defendant had been doing some drinking of intoxicants; that during the first 4 blocks of the trip there was nothing to indicate he could not control the car; and that during the remaining 3-1/2 blocks

to the scene of the accident he neither heard nor heeded admonition of plaintiff passenger and final admonition, as the car entered curve at excessive speed, came too late (PA 1949, No 300, § 401).

Appeal from Jackson; Boardman (Harry D.), J. Submitted October 15, 1959. (Docket No. 87, Calendar No. 47,780.) Decided April 12, 1960.

Case by Willard L. Emons against William A. Shiraef for personal injuries sustained while a passenger in defendant's automobile. Judgment for defendant. Plaintiff appeals. Affirmed.

*Burke, Burke & Ryan,* for plaintiff.

*McKone, Badgley, Domke & Kline,* for defendant.

CARR, J. This case has resulted from a traffic accident occurring in the city of Charlotte shortly before midnight on May 28, 1955. The testimony taken on the trial in circuit court is not materially in dispute. On the evening in question a birthday party was being held at the home of the plaintiff. Defendant was one of the guests. The latter expressed a desire for potato chips of a certain kind and indicated his willingness to procure them. Plaintiff thereupon advised defendant that he would himself go downtown in Charlotte and purchase the desired chips. Defendant, who had parked his car in such position that it was convenient for use, offered to drive plaintiff on the errand. Plaintiff accepted the offer, and the 2 men proceeded toward the business portion of the city.

The testimony taken on the trial indicates that plaintiff suggested to defendant that the purchase could be made at a certain shop located at the intersection of Main and Lawrence streets in Charlotte.

However, defendant passed the shop referred to and as he went through the intersection began to accelerate his speed. It does not appear that plaintiff made any comment on defendant's failure to stop at the suggested shop to make the purchase, apparently concluding that defendant preferred to go to another place of business therefor. Plaintiff called defendant's attention to the fact that the speed limit in Charlotte was 25 miles per hour, which rate defendant was at the time exceeding.

Plaintiff also claimed that he admonished defendant to be careful in his driving because of the speed limit and the fact that there was a curve in the street ahead. Apparently another remark was made to defendant just as the car was proceeding into the curve at a rate of speed, as plaintiff claimed, of 70 miles an hour. Plaintiff testified that the warning at that time came too late, that defendant could not have prevented the car from leaving the road and running into a tree. As a result of the impact plaintiff was injured, and apparently defendant also sustained injuries. On the trial of the case he was called as a witness in his own behalf but claimed that he had no recollection whatever of the party held at plaintiff's home, the trip downtown in Charlotte, or the accident in which the men were injured. Defendant's claim as to his inability to remember what had occurred was not challenged.

The details as to what occurred on the trip from plaintiff's home to downtown Charlotte rest wholly in the testimony of plaintiff. He stated in substance that during the first 4 blocks of the ride, which took them to the intersection of Main and Lawrence streets, defendant drove in a reasonable manner and did not in any way indicate that he was incapable of properly controlling the car, specifically stating that at the time the trip started defendant gave no indications of intoxication. It may be noted in this con-

nection that another witness testified to the fact that defendant had been drinking. It further appears that the remarks made by plaintiff to defendant during the period of time after the car passed through the intersection mentioned to the place of the accident, some 3 or 4 blocks down the street, evoked no response from the driver who gave no indication that he heard the admonitions but remained wholly silent. It is not claimed that any argument occurred or that defendant exhibited any indication of being irritated or otherwise displayed ill will toward plaintiff. The record contains no explanation with reference to defendant's motive in driving at a high rate of speed. He was somewhat familiar with the streets of Charlotte, but there is no showing that he had knowledge of the location of the curve where the accident occurred.

It was plaintiff's claim on the trial of the case that the errand on which the parties were embarked at the time of the accident was, in fact, a joint enterprise, and that plaintiff was entitled to recover damages on the basis of ordinary negligence. Defendant disputed such claim, insisting that the plaintiff was a guest passenger and that there was no liability in the absence of a showing of wilful and wanton misconduct or gross negligence within the meaning of section 401 of the motor vehicle code of 1949.* Plaintiff further contended that if the relationship was that of driver and guest passenger liability should be predicated on the theory that defendant's driving at an excessive rate of speed constituted wilful and wanton misconduct. At the conclusion of plaintiff's proofs the trial judge, who heard the case without a jury, determined that the parties were not engaged at the time of the accident in a joint enterprise and that plaintiff was, in fact, a guest passen-

---

* PA 1949, No 300 (CLS 1956, § 257.1 *et seq.,* as amended [Stat Ann 1952 Rev § 9.1801 *et seq.,* as amended]).

ger.   Defendant's motion for directed verdict was denied at the time and further proofs were taken, the trial judge obviously considering the issue as to wilful and wanton misconduct as one of fact.   At the conclusion of the case he determined that the proofs did not entitle plaintiff to judgment and disposed of the case accordingly.   Plaintiff has appealed.

The first question presented for consideration is whether the trial judge was in error in holding that plaintiff was a guest passenger and rejecting his claim that the parties were engaged in a joint enterprise.   The term "joint enterprise" has been considered by this Court in numerous cases, among which is *Farthing* v. *Hepinstall,* 243 Mich 380, 382, 383.   It was there said:

"To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be such a community of interest in its operation as to give each .an equal right of control.   There must be a common responsibility for its negligent operation, and there can be no common responsibility unless there is a common right of control.   It must be held that the driver is acting as the agent of the other members of the enterprise.   The rule of joint enterprise in negligence cases is founded on the law of principal and agent.   On no other theory could the negligence of the driver be imputable to a passenger. Being parties to the same enterprise, they are assumed to have common control and possession of the machine.   Otherwise, each could not be charged with the negligence of the other.   It is not necessary to review the cases in which this question is considered.   The subject is discussed and many cases are cited in the annotation to *Keiswetter* v. *Rubenstein,* 48 ALR 1049 (235 Mich 36)."

In *Laughlin* v. *Michigan Motor Freight Lines,* 276 Mich 545, the plaintiff was riding with her husband at the time of the accident and resulting injuries

for which she sought to recover damages. The accident occurred in the State of Ohio as the parties were returning to their home in Pennsylvania after visiting friends in Michigan. In discussing the situation, it was said (p 552):

"Plaintiff and her husband were not engaged in a joint enterprise according to this record. The earmarks of the legal relation of a joint adventure in the operation of a motor vehicle may be found in *Farthing* v. *Hepinstall*, 243 Mich 380, and *Frisorger* v. *Shepse*, 251 Mich 121. Mrs. Laughlin neither shared the expense nor the control of the car. See, Huddy on Automobiles (6th ed), § 682; Berry, on Automobiles (3d ed), § 514; 2 RCL, Automobiles, § 43, p 1208; 8 LRA NS 628; 32 Michigan L Rev, p 274; and cases annotated in 48 ALR 1055, 1077, 63 ALR 909, 921, and 80 ALR 312. See, also, *Bailey* v. *Parker*, 34 Ohio App 207 (170 NE 607)."

The general rule is summarized in 38 Am Jur, Negligence, § 237, pp 924, 925, as follows:

"Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there is a community of interests in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control or management. No legal distinction exists between the phrases 'joint enterprise' and 'the prosecution of a common purpose.' "

An interesting case that seems to be in accordance with the general rule on the subject is *Van Gilder* v. *Gugel*, 220 Wis 612 (265 NW 706, 105 ALR 824). There the plaintiff brought action to recover damages resulting from the death of her husband due, as it was claimed, to negligence on the part of one of the defendants. It appeared from the proofs that plaintiff's husband was riding in an automobile

driven by said defendant, that each of the men owned a wood lot, and that each wished to go to his lot for the purpose of sawing wood thereon. There was also an arrangement whereby each was to assist the other in certain work. Neither had any interest in the wood that belonged to the other. It was held that, as a matter of law, Van Gilder and the driver of the car in which he was riding at the time of the fatal accident were not engaged in a joint venture. Commenting on the situation it was said (p 621):

"They were not joint owners or bailees of the automobile. It was solely under Meicher's control in every respect, and he did the driving. Neither the wood lots nor the wood were owned by Van Gilder and Meicher jointly or in common. Neither had or was to have any interest in either the land or the wood, before or after it was cut, which had theretofore belonged to the other. It continued to be the individual property of each original owner, to be used solely for his individual purpose. Consequently, the journey in question was not part of any business or enterprise in which they were jointly or mutually interested financially. Although each had a similar purpose in making the trip, it did not involve any joint financial interest to them, nor the performance of any joint duty on their part. Because of the complete absence thereof, there is no factual basis upon which to hold that they were engaged in a joint adventure or enterprise, and that, therefore, Van Gilder was charged with Meicher's negligence in operating the automobile." (Citing cases.)

In the final analysis any case based on a claim of right to recover damages for a negligent injury, and involving the question as to the existence of a joint enterprise, must be determined on the basis of the factual situation disclosed by the proofs. In the case at bar plaintiff had no interest in the automobile of defendant, nor any right to control the operation thereof. The purpose of the errand on which

the parties went was to enable plaintiff to make a purchase. The mission was his and not that of the parties jointly. Defendant as a matter of accommodation to plaintiff, and of convenience, offered to take plaintiff downtown for the purpose indicated. Defendant's interest in the potato chips, had they been purchased, would have been no different than that of other guests at the party. The furnishing of the refreshments was obviously considered by plaintiff as his obligation inasmuch as he was the host. The following excerpt from the testimony of plaintiff fairly indicates the situation:

"*Q*. Was he to do the driving?

"*A*. Yes, sir.

"*Q*. You were to have nothing to do with that?

"*A*. No, sir.

"*Q*. That was his job?

"*A*. He was going to do the driving, yes, sir. In fact, it wasn't discussed. He said he would take me and that was it.

"*Q*. That is right. You did not have any idea of driving when you started out. Did you?

"*A*. No, sir.

"*Q*. Driving his car?

"*A*. No, sir, because actually I could have—

"*Q*. (Interrupting) Or of telling him how to drive it?

"*A*. No, sir.

"*Q*. Or necessarily where to drive it, except to get some potato chips?

"*A*. I explained to him where we could get them at the Sweet Shop and where it was located."

The testimony in the case does not justify the conclusion that there was any mutual agency relationship as between the plaintiff and defendant. Defendant had the sole right to control his automobile, and the purchase of the desired refreshments was the mission solely of plaintiff. Without discussing this phase of the case further, we conclude that the trial

judge was right in holding that plaintiff was a guest passenger, and that his testimony did not sustain his claim that there was a joint enterprise.

This brings us to the question whether the proofs in the case were of such nature as to require a conclusion that defendant operated his car in such manner as to have been guilty of wilful and wanton misconduct or gross negligence. The parties were apparently on friendly terms, a fact indicated by defendant attending the party as a guest and volunteering to drive plaintiff downtown in order to make the desired purchase. There is no showing that he acted in an irritable manner toward plaintiff or that he had any reason for so doing. As before suggested, there is no satisfactory explanation as to why he drove at a high rate of speed on the city street. It does not appear, however, that his manner of driving interfered with other traffic or, in fact, that there was other traffic, at the time, on the street where the accident occurred. Plaintiff's warning as the automobile was entering the curve admittedly came too late to serve any useful purpose.

The question is, as in every case involving alleged liability under the guest act, whether the driver of the vehicle was guilty not merely of negligence but of wilful and wanton misconduct. There is no fixed rule that may be applied in determining such issue. *Goss* v. *Overton,* 266 Mich 62. The requirement that the misconduct must be wilful suggests that an inquiry into the driver's state of mind, including his purpose and intent in indulging in the conduct of which complaint is made, is involved in the consideration of the case. In the instant proceeding the trier of the facts, after listening to the proofs of the parties, concluded that plaintiff had failed to show that defendant was guilty of the conduct specified in the guest act.

∴ Driving at an excessive rate of speed does not necessarily establish liability nor does the failure under all circumstances to heed admonitions of a passenger suffice for that purpose. All facts pertaining to the situation must be given consideration, and this Court may not set aside the judgment of the trial court unless found to be against a preponderance of the evidence. Generally speaking, different inferences may be drawn from testimony as to the behavior of a party, and as to what was actually done. The trial judge, as the trier of the facts, was entitled to exercise the prerogative of a jury and draw inferences from the proofs. In a number of quite recent decisions this Court has firmly committed itself to the rule that whether the proofs sustain a finding of wilful and wanton misconduct or gross negligence involves an issue of fact to be determined by the trier of the facts. *Kocks* v. *Collins,* 330 Mich 423; *Price* v. *Western,* 330 Mich 680; *Cain* v. *Enyon,* 331 Mich 81; *Tuinstra* v. *Lynema,* 340 Mich 534.

In *Stevens* v. *Stevens,* 355 Mich 363, plaintiff sought to recover damages against defendant on the basis of liability under the guest statute, above cited. Judgment having been entered for plaintiff on the finding of the trial judge hearing the case without a jury, defendant appealed, claiming that the requisite showing of liability under the statute had not been made. This Court, after reviewing the record, declined to disturb the finding. It should be noted that there was proof in the case that the defendant driver displayed irritation by quarreling with one of the inmates of the car, that traffic conditions were poor, the night was foggy, and the surface of the highway was wet. Notwithstanding such conditions defendant drove at a very high rate of speed.

In *Peyton* v. *Delnay,* 348 Mich 238, it was held that the testimony justified submitting to the jury the issue of wilful and wanton misconduct as charged

against defendant. There was testimony in the case indicating that defendant driver had exhibited a reckless state of mind. Prior decisions were cited in recognition of the general rule that the issue is ordinarily one of fact to be determined by the trial court or the jury, as the case may be.

In the case at bar the trial judge properly regarded the question as to the liability of the defendant under the guest act as presenting an issue of fact, and determined it accordingly. Reference was made in the opinion filed to the fact that defendant appeared to be normal when the parties started downtown, that he operated his car in an ordinary and proper manner for at least the first 4 blocks, and that the conduct on which the claimed right of recovery was based rested wholly on the manner of driving during the remaining distance of approximately 3-1/2 blocks to the place where the accident occurred. Such conduct was found to constitute ordinary negligence, but the circuit judge declined to say that it justified a finding of wilful and wanton misconduct. The case is somewhat unusual in some of its aspects, but we think the trial judge was entitled to draw inferences from the testimony as given by plaintiff, and to base his conclusion on the facts established by the proofs and on the inferences permissibly drawn therefrom. It may not be said on this record that the judgment entered was against a preponderance of the proofs.

The judgment of the circuit court is affirmed.

Dethmers, C. J., and Kelly, Edwards, and Kavanagh, JJ., concurred with Carr, J.

Black, J. (*concurring*). I concur with the summary concluding paragraph of the Court's opinion. The question of plaintiff's status while riding with defendant, as guest or otherwise, was one of fact.

So was the presented question of defendant's guilt or innocence of actionable gross negligence. Both questions of fact were determined against plaintiff by the appointed trier of fact. Such trier's determination of either question cannot be pronounced contrary to the preponderance of the evidence, and so our appellate function comes to an end.

These conclusions considered, I cannot subscribe to others appearing in the Court's opinion, particularly that which evaluates plaintiff's testimony, on the subject of joint enterprise, as a matter of law. I refer specifically to this passage:

"Without discussing this phase of the case further, we conclude that the trial judge was right in holding that plaintiff was a guest passenger, and that his testimony did not sustain his claim that there was a joint enterprise."

I concur in affirmance.

SMITH, J., did not sit.

SOURIS, J., took no part in the decision of this case.