BOYD *v.* McKEEVER

AUTOMOBILES—NEGLIGENCE—GUEST PASSENGER—JOINT VENTURE.
> There must be such a community of interest between the people in an automobile that each has an equal right of control, and a common responsibility for operation of the vehicle, before the people can be regarded as joint adventurers and not as host and guest passengers; evidence showing that a group of young people met by coincidence at a restaurant, that they decided to go for a ride, and that they discussed among themselves where to go is not sufficient to establish the existence of a joint venture (CLS 1961, § 257.401).

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 February 13, 1969, at Detroit. (Docket No. 4,986.) Decided March 28, 1969. Leave to appeal granted October 13, 1969. See 382 Mich 785.

Complaint by Darlene Boyd, a minor, by her next friend, Steave Boyd, and by Steave Boyd for himself, against Francis H. McKeever and Denise McKeever for injuries to Darlene Boyd resulting from an automobile collision. Directed verdict and judgment for defendants. Plaintiffs appeal. Affirmed.

*Moss & Williams,* for plaintiffs.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendants.

---

REFERENCE FOR POINTS IN HEADNOTE
8 Am Jur 2d, Automobiles and Highway Traffic § 679 *et seq.*

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. Plaintiffs appeal a directed verdict of no cause of action.

Two boys met three girls, including plaintiff Darlene Boyd, in a pizza parlor, and they decided to go for a joyride. As is often the case, the boys' car was low on gasoline, but Denise McKeever was using her father's car and the gasoline supply was ample, so the group decided to use the defendants' automobile for their joyride. The group did not have any particular destination; they just rode. Suggestions were made by various members of the group as to where to drive, but the final determination was Denise's. The ride ended in an accident in which the plaintiff, Darlene Boyd, was injured. Plaintiff claims that the joyride was a joint enterprise and that the Michigan guest-passenger act, CLS 1961, § 257.401 (Stat Ann 1968 Rev § 9.2101) is not applicable.

The rule applied to the question of whether a joint enterprise exists between the passenger and the driver of an automobile is set out in *House* v. *Gibbs* (1966), 4 Mich App 519, 523, where the Court quoted *Emons* v. *Shiraef* (1960), 359 Mich 526, as follows:

" 'To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be such a community of interest in its operation as to give each an equal right of control. There must be a common responsibility for its negligent operation, and there can be no common responsibility unless there is a common right of control. It must be held that a driver is acting as the agent of the other members of the enterprise. The rule of joint enterprise

in negligence cases is founded on the law of principal and agent.' "

A review of the record does not establish the necessary elements to constitute a joint enterprise.

Affirmed. Costs to appellee.