BOYD v. McKEEVER

1. AUTOMOBILES—RIGHT OF CONTROL OF DRIVER—PRESUMPTION.
   While the right of control of the driver of a car by a passenger may be established upon the facts in a particular case, it may not be presumed.

2. AUTOMOBILES—JOINT ENTERPRISE—NEGLIGENCE—PRINCIPAL AND AGENT.
   To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be a community of interest in the use of the vehicle; there must be a finding of common responsibility for its negligent operation; and it must be found that the driver is acting as the agent of the other members of the enterprise.

3. AUTOMOBILES—JOINT ENTERPRISE—NEGLIGENCE—DIRECTED VERDICT—GUEST PASSENGER ACT.
   Trial court properly directed a verdict for defendants, deciding as a matter of law that the facts failed to establish the existence of a joint enterprise, where plaintiffs claimed that an accident resulted from ordinary negligence on the part of the driver of the car and that all of the occupants of the car were engaged in a joint enterprise, but the proofs showed that five young people decided to go out together just to drive around, that various members of the group told the driver where they wanted her to drive, that the driver did not feel bound by the group's suggestions, and that anyone could have continued on the ride or gotten out as he pleased (MCLA § 257.401).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 572, 674.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 564.
[2, 3] When occupants of automobile deemed to be engaged in joint enterprise so that negligence of one is imputable to other. 95 ALR 857.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 481, 564.

Appeal from Court of Appeals, Division 2, Fitzgerald, P. J., and R. B. Burns and Bronson, JJ., affirming Macomb, Alton H. Noe, J. Submitted February 4, 1971. (No. 8 January Term 1971, Docket No. 52,446.) Decided April 5, 1971.

16 Mich App 686 affirmed.

Complaint by Darlene Boyd, a minor, by her next friend, Steave Boyd, and by Steave Boyd, for himself, against Francis H. McKeever and Denise McKeever for damages resulting from an automobile collision. Directed verdict and judgment for defendants. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Affirmed.

*Moss, Williams & Smith,* for plaintiffs.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardel & Lynch,* for defendants.

ADAMS, J. On February 5, 1966, Darlene Boyd and Dianne Weinand were picked up after work about 9 p.m. and driven by Denise McKeever in her father's car to Luigi's Restaurant, a local teenage hangout in Mt. Clemens. While there, two boys with whom they were acquainted entered the restaurant and sat at their table. The five young people decided to go out together just to drive around. It was suggested that Denise take defendant's automobile because the boys' car was low on gasoline. Denise, an inexperienced driver, had been licensed for less than two weeks. Various members of the group told her where they wanted her to drive. However, she testified she did not feel bound by the group's suggestions. Anyone could have continued on the ride or gotten out as he pleased. The

gas in the car had begun to run low. The group decided to return to the restaurant.

At approximately 10:50 p.m., the McKeever car went out of control and struck a bridge abutment, causing injury to plaintiff, Darlene Boyd. Plaintiffs claim the accident resulted from ordinary negligence on the part of the driver of the car and, further, that all of the occupants of the car were engaged in a joint enterprise.

The trial court directed a verdict for defendants, deciding as a matter of law that the facts failed to establish the existence of a joint enterprise. The Court of Appeals affirmed *per curiam* (16 Mich App 686), relying on *Emons* v. *Shiraef* (1960), 359 Mich 526.

We granted leave (382 Mich 785) to examine the question as to what constitutes a "joint enterprise," "joint venture," or "common enterprise" in motor vehicle passenger cases involving a claim of negligence.

At one time the theory of a joint enterprise was used to bar recovery in automobile negligence cases involving a passenger-driver relationship by imputing the negligence of the driver to the passenger by reasoning that each had an equal right of control. In *Farthing* v. *Hepinstall* (1928), 243 Mich 380, 382, 383, it was said:

"To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be such a community of interest in its operation as to give each an equal right of control. There must be a common responsibility for its negligent operation, and there can be no common responsibility unless there is a common right of control. It must be held that the driver is acting as the agent of the other members of the enterprise. The rule of joint enterprise in negligence cases is founded on the law of

principal and agent. On no other theory could the negligence of the driver be imputable to a passenger. Being parties to the same enterprise, they are assumed to have common control and possession of the machine. Otherwise, each could not be charged with the negligence of the other."

In *Frisorger* v. *Shepse* (1930), 251 Mich 121, 123, the Court said:

"They had agreed on a joint pleasure party. Every member of the party had to do with the management and control of the enterprise. They shared equally in the expense. The fact that the defendant was driving the car is material, but not controlling of the question. As driver, he was acting as agent for the other members of the party. They had as much right to direct its movements and speed as he had. Each had a right to be heard in carrying out the details of the trip. This equal right of control is a very important matter to be considered in determining whether it was a joint enterprise.    *   *   *

"The undisputed evidence shows that no such relationship as host and guest existed. They were engaged in a common enterprise."

In the above case, it should be noted that the occupants of the car had all agreed to go to a dance and had shared equally in the expense.

In *Schneider* v. *Draper* (1936), 276 Mich 259, 266, two boys jumped on the running board of a car to ride to football practice. This Court said:

"The boys were not on a common venture or joint undertaking which relieved Draper of liability, because he had sole control of the car and the other boys had no right to direct its movements. The point is clearly discussed in *Frisorger* v. *Shepse,* 251 Mich 121."

In *In re Harper's Estate* (1940), 294 Mich 453, 456, this Court said:

"A friend invited another to attend a football game, and the latter put off his trip a day so that they and their wives might be together for the weekend to enjoy their mutual company and thus combine pleasure and business. The offer to help drive was not intended as a reward for the ride, and at the time the parties themselves would have resented any suggestion that their relation was other than social. The subsequent intervention of plaintiff's self-interest should not be permitted to alter the result. The proffer of assistance in driving was only a friendly gesture, and the sociability element was the dominant, if not sole, thought. Mr. Harper was a 'host' and plaintiff was his 'guest' in the full and complete sense of the words."

In *Bond* v. *Sharp* (1949), 325 Mich 460, 464, this Court said:

"It has been held that where the arrangements between the parties are so indefinite and casual that sociability is the dominant element, then a guest relationship exists. See *In re Harper's Estate* [1940], 294 Mich 453; *Guiney* v. *Osborn* [1940], 295 Mich 559; *Brody* v. *Harris* [1944], 308 Mich 234 (155 ALR 573)."

In *Bostrom* v. *Jennings* (1949), 326 Mich 146, 157, this Court overruled the doctrine of imputed negligence as applied to joint enterprise cases, saying:

"We, therefore, hold that the negligence of an agent is not imputable to his principal nor that of a member of a joint enterprise to his fellow member in an action by the latter against the former. The contrary rule, given effect but not considered, in *Hopkins* v. *Golden* * * * [(1937), 281 Mich 389]; *Frisorger* v. *Shepse* * * * [(1930), 251 Mich 121]; *Johnson* v. *Fischer* * * * [(1940), 292 Mich 78, and reconsideration denied (1951), 330 Mich 491], and referred to in *Bushie* v. *Johnson* * * * [(1941), 296 Mich 8] is overruled."

Until *Bostrom,* the defense in an action by a passenger against the driver of a car for negligence was (1) that the passenger was a guest and no negligence was shown other than ordinary negligence, or (2) that the parties were engaged in a joint enterprise or joint venture so that the negligence of the driver, if any, would be imputed to the passenger thereby barring recovery. With *Bostrom,* facts which would theretofore bar recovery from the driver by establishing a joint venture became all that were needed to take the case out from under the so-called guest passenger act, MCLA § 257.401 (Stat Ann 1968 Rev § 9.2101). Consequently, it is not surprising now to find plaintiffs contending for as watered-down a version of the requisites for a joint enterprise as defendants formerly did. Nevertheless, as long as the so-called doctrine of "joint enterprise," "joint venture," or "common enterprise" exists, some line of demarcation must be drawn between such an undertaking and the status of guest passenger in a motor vehicle.

While there may be extraordinary facts in which an equal right of control of a motor vehicle exists between a driver and a passenger, we cannot agree with the statement in *Farthing* that: "Being parties to the same enterprise, they are assumed to have common control and possession of the machine." To proceed from such a presumption begs the whole question. Right of control of an automobile by a passenger was well-analyzed by the majority opinion in *Sherman* v. *Korff* (1958), 353 Mich 387, 395, in which it was said:

"[W]hat control or right of control has a passenger, even though he may be a co-owner, as the car speeds down the highway, driven by the other co-owner? Any attempted exercise of the right of control by wresting the wheel from the driver would

be foolhardy. Equally menacing to the driver's efficient operation of the machine are raucous reproaches, strident denunciations, or even persistent unctuous admonitions from the back seat. 'Generally,' it was well put in a Federal case, 'it is the duty of the passenger to sit still and say nothing. It is his duty, because any other course is fraught with danger. Interference, by laying hold of an operating lever, or by exclamation, or even by direction or inquiry, is generally to be deprecated, in the long run, the greater safety lies in letting the driver alone.' "

Consequently, we hold that while the right of control of the driver of a car by a passenger may be established upon the facts in a particular case, it may not be presumed.*

*Sherman* is equally apposite in its analysis of casual recreational or pleasure activities as constituting a "common enterprise."

"Equally untenable is the proposition that this fishing expedition, this mutually shared trip for pleasure and recreation, was a 'common enterprise' within the meaning of the doctrine permitting the imputation of negligence. * * *

"But passing the factual question, or assuming, indeed, that both wife and mother were going fishing, as well as the husband, the question remains whether this was the type of common enterprise required by our law for the application of the imputed negligence doctrine. Here we have no more than a normal, family recreational project in which husband and wife have joined. If this is the common enterprise required by the law, then we have simply eliminated the requirement with respect to married couples, for

---

* In the prevailing opinion in *Universal Underwriters Insurance Company* v. *Hoxie* (1965), 375 Mich 102, 109, I wrote: " 'The right to control' or constructive control, absent contributory negligence of a passenger or owner, is insufficient to charge them with the negligence of the driver."

marriage itself is a common enterprise, a joint venture.  *   *   * ."   (P 398.)

A "guest," within the meaning of the guest passenger act, was defined by this Court in *Langford v. Rogers* (1936), 278 Mich 310, 316:

"A 'guest' within the meaning of the Michigan statute here involved may be defined as one who is carried or transported by the owner or operator of the motor vehicle, whether by express invitation or by implied consent or invitation.  So long as the party transported accepts the hospitality of the owner or driver, or is carried or transported by reason of an implied invitation of such owner or operator of the motor vehicle, as in this case, for his own entertainment, pleasure and enjoyment, without compensating the owner of the vehicle, he is a guest within the meaning of the statute."

To paraphrase *Sherman,* if going for a pleasure drive is a "common enterprise" to be recognized in motor vehicle negligence cases, the result would be to simply eliminate the definition of a guest passenger and the provisions of the guest passenger act.

We return now to the proposition stated in *Farthing* and reiterated by the Court of Appeals in this case in quoting *Emons:* "The rule of joint enterprise in negligence cases is founded on the law of principal and agent."   The statement of the test of a joint enterprise in *Emons* places too much emphasis on the element of right of control which, as we have seen from *Sherman,* is unrealistic under present-day driving conditions.   We would restate the test as follows: To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be a community of interest in the use of the vehicle; there must be a finding of common responsibility for its negligent operation; and it must be found that

the driver is acting as the agent of the other members of the enterprise.

The trial court and the Court of Appeals are affirmed. Costs to appellee.

T. M. KAVANAGH, C. J., and BLACK, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with ADAMS, J.