LAUER *v* GREEN

LAUER *v* FINLEY

1. AUTOMOBILES—JOINT VENTURE—GUEST PASSENGER STATUTE.

The establishment of a joint venture between an automobile driver and his passenger renders the guest passenger act inapplicable (MCLA 257.401).

2. AUTOMOBILES—JOINT VENTURE—ELEMENTS—GUEST PASSENGER STATUTE.

A joint enterprise between a passenger and the driver of an

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 8 Am Jur 2d, Automobiles and Highway Traffic § 481.
Mutual business or commercial objects or benefits as affecting status of rider under automobile guest statute, 59 ALR2d 336.

automobile, making the guest passenger statute inapplicable, exists where there is (1) a community of interest in the use of the vehicle, (2) a common responsibility for the automobile's negligent operation, and (3) the driver is acting as the agent of the other members of the enterprise (MCLA 257.401).

3. AUTOMOBILES—JOINT VENTURE—GUEST PASSENGER STATUTE.

Plaintiff passengers were engaged in a joint venture with defendant driver at the time of the accident, where they had a community interest because they were all Jehovah's Witnesses and were driving to where they were going to preach the word of Jehovah, where they had an equal right to direct and govern the movements and the conduct of each other, which made the driver the agent of the passengers in that he adopted the behavior of the plaintiffs, and where they had a common right of control of the vehicle because they all mutually decided the course of action taken by the driver (MCLA 257.401).

Consolidated appeals from Manistee, Charles A. Wickens, J. Submitted Division 3 December 7, 1971, at Grand Rapids. (Docket Nos. 11769, 11770.) Decided January 21, 1972. Leave to appeal denied, 387 Mich 765.

Complaints by Edwin Lauer, as the guardian of the estate of Sharon Lauer, against Myra Irene Finley, Jerome Nickelson and Michael Green, and by Edwin Lauer, for himself, against Michael Green, for negligence in the operation of automobiles. Judgment of no cause of action entered for defendants Finley and Nickelson. Judgment for plaintiffs against defendant Green. Defendant Green appeals. Affirmed.

*Marcus, McCroskey, Libner, Reamon & Williams* (by *Robert J. VanLeuven*), for plaintiffs.

*Murchie, Calcutt & Brown* (by *Dennis L. Huntley*), for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and
V. J. BRENNAN, JJ.

FITZGERALD, J. These civil actions are consoli-
dated before the Court on appeal as of right from
judgments entered against defendant-appellant on
April 26, 1971, in the Circuit Court for the County
of Manistee after trial by the court without a jury
on February 16, 1971. Claim of appeal was filed on
May 12, 1971.

On April 23, 1966, at about 11:20 a.m., the defend-
ant-appellant, Michael Green, was driving an auto-
mobile owned by him at the intersection of US 31
and Merkey Road in Filer Township, Manistee
County, Michigan. The plaintiffs were passengers
in the car with him. The group belonged to the Je-
hovah's Witnesses. At the time of the accident, they
were going out into the community to teach those
who were not affiliated with this organization to un-
derstand the Bible and attain personal salvation ac-
cording to the Jehovah's Witnesses' biblical inter-
pretations.

At said intersection, a collision occurred between
defendant-appellant's automobile and a car owned
by defendant Jerome Nickelson and being driven by
defendant Myra Irene Finley, as a result of which
the plaintiffs were injured and these actions were
instituted.

Plaintiff Sharon Lauer, a minor, by the guardian
of her estate, Edwin Lauer, filed suit against defend-
ant Michael Green as well as the owner and driver
of the automobile with which defendant Michael
Green collided. In a separate action, plaintiff Ed-
win Lauer sought damages from defendant Michael
Green alone.

After a pretrial hearing, the court consolidated
the two actions. Defendant Michael Green there-

after filed his motions for summary judgment in the two-captioned matters. These motions were denied.

On February 16, 1971, both matters were tried to the court without a jury. Defendant-appellant then moved for directed verdicts at the close of all of the proofs. These motions were also denied by the trial court. The court entered a judgment of no cause of action for defendants Finley and Nickelson, concluding that the former had not been negligent in operating the latter's automobile. Judgment was entered against defendant-appellant and in favor of plaintiffs pursuant to a finding that plaintiffs and defendant-appellant were joint venturers and that the latter had been negligent in operating his vehicle.

On appeal, the sole issue before this Court is whether the lower court erred in finding that plaintiffs were engaged in a joint venture with defendant-appellant at the time of the accident in question so as to render the guest passenger statute, MCLA 257.401; MSA 9.2101, inapplicable.

The establishment of a joint venture or joint enterprise renders the guest passenger act inapplicable. MCLA 257.401; MSA 9.2101. *Boyd* v *McKeever,* 384 Mich 501 (1971). Therefore, a proper test must be applied to the facts to determine whether the parties were engaged in a joint venture. The most recent test was enunciated in *Boyd, supra,* where the Court stated that the test of a joint venture as set forth in *Emons* v *Shiraef,* 359 Mich 526 (1960), places too much emphasis on the element of right of control. The *Boyd* Court established a three-pronged rule, p 508:

"To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be a *community of interest* in the use of the vehicle; there

must be a finding of *common responsibility for its negligent operation;* and it must be found that *the driver is acting as the agent* of the other members of the enterprise." (Emphasis supplied.)

The trial court did not apply this exact standard. In its opinion, citing *Emons, supra,* as authority, it established the following test:

"The case law merely states the following requirements:

"(1) There must be a community of interest in the objective or the purpose of the undertaking.

"(2) An equal right to direct and govern the movements and the conduct of each other, and

"(3) Each must have some voice and right to be heard in its control or management."

The first requirement in the trial court test, community of interest, agrees with the test set down in *Boyd, supra.* In the instant case, all parties in the defendant-appellant's car were serving the church. They were evangelizing and preaching the word of Jehovah. The trial court correctly determined that there was a community of interest in the objective or purpose of the undertaking.

The second requirement set out by the trial court, an equal right to direct and govern the movements and the conduct of each other, meets the third criterion set out by *Boyd* regarding the status of the driver as the agent of the other members of the enterprise. The Supreme Court could not have intended that the strict law of agency be applied to joint enterprise because if the driver was agent for the other passengers, then the law, which states that the principal is liable for the acts of the agent, would act as a bar to any action brought on the grounds of joint enterprise, because the passengers,

principals, would always be responsible for the acts of the driver. This Court adopts a more reasonable interpretation. The driver must be an agent for the others in that he adopts the behavior the group decides upon. The group decides the movements and conduct of all of the persons in the automobile. The driver then follows the directions dictated by the group decision. That is the exact situation in the instant case. Defendant-appellant followed the decisions made by the group. The trial court correctly found this element to be present.

Seemingly, the third criterion set by the trial court was incorrect because the Supreme Court, in *Boyd*, p 508, specifically states that too much emphasis has heretofore been placed on control. The Supreme Court apparently replaces this test with "a finding of common responsibility for its negligent operation". The Court does not elaborate on the meaning of that language, but the Court in *Emons, supra,* p 531, quoted approvingly the following statements in *Farthing* v. *Hepinstall*, 243 Mich 380, 382 (1928):

"To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be such a community of interest in its operation as to give each an equal right of control. *There must be a common responsibility for its negligent operation, and there can be no common responsibility unless there is a common right of control.*" (Emphasis supplied.)

Furthermore, a literal translation of the second requirement of the *Boyd* test, in light of the language in *Emons,* would imply contributory negligence as a prerequisite to a finding of joint enterprise. This interpretation would preclude recovery in any joint enterprise situation. This could not have been the intent of the Supreme Court.

This Court finds that the trial court substantially complied with the second criterion of the *Boyd* test. This requirement was satisfied in that all the parties in the car mutually decided the course of action taken by the driver. Peer group pressure alone provided sufficient control over the driver to constitute common right of control. Furthermore, a joint decision was made as to where the field ministry work was to be done and the mode of transportation to be used to reach the agreed-upon destination. The automobile was merely the tool for carrying out the prearranged plans. Each member in the auto did in fact share in the control of this tool.

The three criteria set forth in *Boyd* were met under the test utilized by the trial judge in the case at hand. Therefore, plaintiffs were engaged in a joint venture with defendant-appellant at the time of the accident in question so as to render the guest passenger statute inapplicable.

Affirmed with costs to the plaintiffs-appellees.

All concurred.