FLAGER v ASSOCIATED TRUCK LINES, INC

OPINION OF THE COURT

1. STATUTES—MOTOR VEHICLES—MOTOR SCOOTERS—OPERATORS—CONTROL.

Both persons were "operators" of a motor vehicle under the provisions of a statute where the persons rode together on a motor scooter which was designed for one person with one party operating the throttle and steering and the other operating the brakes; both persons agreed to and had some measure of physical control over the operation of the motor scooter, the scooter could be controlled only by the two people acting together, and without the actions of one of them, an essential control function could not be performed (MCLA 257.36).

2. NEGLIGENCE—JOINT ADVENTURES—MOTOR VEHICLES—AUTOMOBILES —MOTOR SCOOTERS—OPERATION—PRINCIPAL AND AGENT.

There must be a community of interest in the use of the vehicle, there must be a finding of common responsibility for its negligent operation, and it must be found that the driver is acting as the agent of the other member of the enterprise to constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence; this test was met where two people decided to ride together on a motor scooter which was designed for one person and where both people had some measure of physical control over the operation of the scooter; the scooter was merely the tool for carrying out the prearranged plan and each person shared in the control of this tool.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 525, 526.
    Comparative negligence statute as applicable to actions under automobile guest statute, 149 ALR 1050.
    Contributory negligence, assumption of risk, or related defenses as available in action based on automobile guest statute or similar common-law rule, 44 ALR2d 1342.
[3] 58 Am Jur 2d, New Trial § 209.

3. NEW TRIAL—NEGLIGENCE—MOTOR VEHICLES—TRUCKS AND TRAIL-
ERS—GENERAL VERDICTS—DISCRETION.

*There was no abuse of discretion on the part of the trial judge in
denying plaintiff's motion for a new trial and a general verdict
of no cause of action was proper in a case involving the alleged
negligence of a defendant's agent in the operation of a truck
and trailer where that verdict reflected what is manifest from
the record, that there was absolutely no basis for a finding of
any actionable negligence, subsequent or otherwise, on the part
of the defendant.*

Appeal from Jackson, Charles J. Falahee, J.
Submitted Division 2 December 4, 1973, at Lans-
ing. (Docket No. 15357.) Decided March 27, 1974.
Leave to appeal applied for.

Complaint by Blanche I. Flager, administratrix
of the estate of Vickie L. Flager, against Associ-
ated Truck Lines, Inc., for damages for personal
injuries resulting in death. Verdict and judgment
for defendant. Plaintiff appeals. Affirmed.

*Kelly, Kelly & Kelly,* for plaintiff.

*F. William McKee,* for defendant.

Before: DANHOF, P. J., and BRONSON and
O'HARA,* JJ.

BRONSON, J. The plaintiff brought this action as
the administratrix of her daughter's estate. Vickie
was killed in a motor scooter-truck collision. The
truck was owned by defendant, Associated Truck
Lines, Inc., and driven by its employee.

A jury trial was held on May 15 and 16, 1972. A
verdict was returned in favor of the defendant.
The trial court denied plaintiff's motion for a new
trial. Plaintiff then perfected this appeal of right.

The plaintiff's decedent, Vickie, was 15 years

---

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

old. On March 25, 1969, she had gone to a shopping center in the company of a friend, Patricia LaFond.

While at the shopping center, they met a friend who was driving a motor scooter. Vickie and Patty decided to take a ride together on the motor scooter around the shopping center.

The motor scooter was designed, apparently, for one person. Therefore, the girls agreed that Patty would stand in the front of the scooter to operate the throttle and to steer. Vickie sat on the seat and she was to operate the brake. Due to the construction of the scooter, Patty could not operate the brake from her standing position. The scooter could not be operated unless each girl operated one control.

The scooter had no muffler and the girls had difficulty hearing each other talk. Patty intended to turn the scooter when it reached the end of an alley between the stores and before it entered an adjacent road, Argyle Street. However, the scooter was going too fast to turn, either because Vickie didn't hear Patty's instruction to apply the brake, or because the brakes failed. The scooter proceeded out onto Argyle Street without stopping. The scooter collided with the defendant's truck and Vickie was killed.

The trial court ruled as a matter of law and also instructed the jury that Vickie, on these facts, was an operator of the motor scooter. He also ruled that if either Vickie or Patty were negligent, then in the absence of subsequent negligence on the defendant's part, the plaintiff could not recover.

The terms "driver" and "operator" are defined by statute.[1] A number of cases have attempted to

[1] MCLA 257.13; MSA 9.1813 defines driver as "every person who drives or is in actual physical control of a vehicle". MCLA 257.36;

determine who was the "driver" or "operator" of an automobile where two people are attempting to control an automobile in an emergency. At the time of the injury, both persons have some degree of control over some of the automobile's regulatory mechanisms. The courts are split.

We need not choose between these authorities. In the extremely unique facts of this case, the evidence is undisputed that both girls agreed to and had some measure of physical control over the operation of the motor scooter. Patty, the girl who was to control the throttle and the steering, was unable to apply the brake due to the construction of the motor scooter. The scooter could be controlled only by the two girls acting together; without the actions of one of them, an essential control function could not be performed. The statute defines an "operator" as "every person * * * who is in actual physical control of a motor vehicle";[2] therefore, Vickie comes within the definition because she was one of the persons who was in control of the motor scooter. The trial court did not err either in his ruling or instruction to the jury that Vickie was an operator of the motor scooter as a matter of law. The next problem concerns the question of "joint venture" in motor vehicle passenger cases involving a claim of negligence. This was recently discussed in *Boyd v McKeever,* 384 Mich 501, 506, 507; 185 NW2d 344 (1971), where the Court said:

"While there may be extraordinary facts in which an equal right of control of a motor vehicle exists between a driver and a passenger, * * *

MSA 9.1836 defines operator as "every person, other than a chauffeur, who is in actual physical control of a motor vehicle upon a highway".

[2] MCLA 257.36, *supra.*

"[W]e hold that while the right of control of the driver of a car by a passenger may be established upon the facts in a particular case, it may not be presumed."

This case involves extraordinary facts. It is clearly an exception to the general rule established in *Boyd, supra.* In addition to both girls being "operators", they were clearly engaged in a joint enterprise, and the liability of the "driver" can be imputed to the "passenger". The facts also meet the criteria in the test[3] established in *Boyd.* The scooter was merely the tool for carrying out the prearranged plan and each girl shared in the control of this tool. *Lauer v Green,* 38 Mich App 81; 195 NW2d 781 (1972).

We cannot say that the court's instruction that the negligence of one operator could be imputed to the other was erroneous.

Affirmed. Costs to defendant appellee.

DANHOF, P. J., concurred.

O'HARA, J. *(concurrence in result).* I concur in the result reached by Judge BRONSON because this was a general verdict of no cause of action. Under these circumstances I conclude that the verdict simply reflected what is perfectly manifest from the record. There was absolutely no basis for a finding of any actionable negligence, subsequent or otherwise, on the part of the defendant. Hence, there was no abuse of discretion on the part of the trial judge in denying the motion for a new trial.

[3] "To constitute a joint enterprise between a passenger and the driver of an automobile within the meaning of the law of negligence, there must be a community of interest in the use of the vehicle; there must be a finding of common responsibility for its negligent operation; and it must be found that the driver is acting as the agent of the other members of the enterprise." *Boyd, supra,* at 508–509.